[Civ. No. 38228. Second Dist., Div. Four. Oct. 19, 1971.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
WARREN H. MOWRY, Real Party in Interest.

[Crim. No. 20373. Second Dist., Div. Four. Oct. 19, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
WARREN H. MOWRY, Defendant and Respondent.

(Consolidated Cases.)

## COUNSEL

David D. Minier, District Attorney, A. Barry Cappello, Assistant District Attorney, and Zel Canter, Deputy District Attorney, for Petitioner in Civ. No. 38228 and for Plaintiff and Appellant in Crim. No. 20373.

Clifford Douglass, under appointment by the Court of Appeal, for Real Party in Interest in Civ. No. 38228 and for Defendant and Respondent in Crim. No. 20373.

## OPINION

**KINGSLEY, J.**—This is another episode in the running battle between Judge Dodson of respondent court and the District Attorney of Santa Barbara County, over the efforts of Judge Dodson to apply his own, highly individualistic, methods of reducing court congestion and speeding the trial process in that county. To date the judge has lost two rounds;[1] for the reasons set forth below, we conclude that he is entitled to win this one.

Defendant, and real party in interest, is, admittedly, an habitual writer of bad or of forged checks. In 1970, he was charged, in respondent court, in superior court case No. 89,882, with two counts of forgery, in violation of section 470 of the Penal Code, and with four prior felony convictions. He pled guilty to one count charging forgery, the other count was dismissed by the People, and the alleged priors were stricken by the court. After a consideration of possible probation, he was sentenced, by Judge Dodson, to state prison on February 2, 1971.[2]

■ On March 8, 1971, defendant was again arraigned before Judge Dodson, in the present case, superior court No. 91,356, this time on a new charge of forgery of a check, allegedly committed on January 8, 1971— i.e., after the plea had been entered in the earlier case but prior to the ultimate judgment therein.

Over the objection of the district attorney, Judge Dodson dismissed the new case "in the interest of justice," purportedly under the authority of section 1385 of the Penal Code. In so acting the judge stated his reasons[3] as follows: "The Defendant having been sentenced to the California State Prison in Santa Barbara County Superior Court Case Number 89882 on February 2, 1971 on charges of violation of Section 470 Penal Code, the

---

[1]*People* v. *Superior Court (Anderson & Heydon)*, 2d Civ. No. 37260 (unpublished); *People* v. *Clark* (1971) 17 Cal.App.3d 890 [95 Cal.Rptr. 411].

[2]The trial court ordered part of the proceedings in case number 89,882 transcribed and transmitted as part of the appellate record in this case. On our own motion, we have augmented the record to include the original superior court file in that case.

[3]Section 1385 requires that "[t]he reasons of the dismissal must be set forth in an order entered upon the minutes." In light of that statutory language, the terms of the minute order control in our examination of the validity of the order of dismissal.

Court now orders that the charges are dismissed in the Interest of Justice on the Court's own motion . . . ."

■ The People seek to review and reverse that action by a petition for a writ of mandate in Civ. No. 38228, and by an appeal from the order of dismissal in Crim. No. 20373. Since the order of dismissal is now expressly appealable under subdivision 8 of section 1238 of the Penal Code, mandate is not an appropriate remedy and the petition in Civ. No. 38228 is denied. As indicated above, on the appeal, we affirm the order.

■ We regard it as now settled that an order of dismissal under section 1385 is not one that may be made purely at the whim of the trial court. The opinion of Division One of this court in *People* v. *Curtiss* (1970) 4 Cal.App. 3d 123 [84 Cal.Rptr. 106], fully sets forth the reasons why, under the statutes as they now read, a dismissal under section 1385 must be "for a reason which can be said to be that which would motivate a reasonable judge." We need not repeat that reasoning here. However, we are also advised that the discretion of the trial court is very broad and, in particular, that "[i]f a trial judge is convinced that the only purpose to be served by a trial or a retrial is harassment of the defendant, he should be permitted to dismiss . . . ." (*People* v. *Superior Court* (1968) 69 Cal.2d 491, 504 [72 Cal.Rptr. 330, 446 P.2d 138].) ■ In the case at bench the trial judge was aware, since it involved his own actions, that defendant had been sentenced to state prison, on similar charges, only six weeks before, and that other counts in that information had been dismissed, *by the prosecution.* The trial court was entitled to take into consideration its own practices as to sentencing and to conclude that the only possible result of a conviction, in the case before us, would be a concurrent sentence, which would increase defendant's minimum sentence, and his maximum sentence, by six weeks plus the time involved in the proposed trial. We cannot say that the trial court was necessarily in error in concluding that such a nominal increase in penalty had no purpose other than to harass defendant and that it contributed nothing to the over-all enforcement of the criminal law.

The petition in Civ. No. 38228 is denied; in Crim. No. 20373, the judgment (order of dismissal) is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.