[Crim. No. 17731. In Bank. Apr. 4, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
ERVIN L. D. ORIN, Defendant and Respondent.

**COUNSEL**

Joseph P. Busch, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Gerald S. Peterson and Michael Rothschild, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**SULLIVAN, J.**—The People appeal from an order dismissing two counts of a three-count information (Pen. Code, § 1238, subd. (a)(8)),[1] the court having entered judgment of conviction on defendant's plea of guilty to the remaining count and sentenced defendant to state prison for the term prescribed by law.

Defendant was charged by information with three counts all arising out of the same incident: in count I with attempted robbery (§§ 211, 664); in count II with burglary (§ 459); and in count III with assault with a deadly weapon (§ 245, subd. (a)).

With respect to counts I and II, it was alleged that at the time of the commission of said offenses defendant was armed with a deadly weapon within the meaning of sections 3024 and 12022, that he used a firearm within the meaning of section 12022.5, and that he intentionally inflicted great bodily injury upon the person of Violet V. Myers.[2]

Defendant was arraigned and entered a plea of not guilty to each count. Thereafter on defendant's motion and pursuant to Evidence Code sections 730 and 1017, the court appointed two doctors to examine defendant, to perform specified tests upon him and to prepare a confidential report for defendant.

When the case was called for trial, the following occurred. The prosecutor immediately addressed the court, stating that the People were ready to proceed to trial on all counts and that any plea to count III was unacceptable.[3] Shortly thereafter defendant's counsel informed the court that defendant was willing to withdraw his plea of not guilty to the charge of assault with a deadly weapon and to enter a plea of guilty to that count (count III). The court replied that it was "willing to accept that plea at this time as to Count III and put the matter of the disposition of the remaining counts over to the time of probation and sentence proceedings. This would be in the nature of a plea bargain in which the People do not wish to enter, as stated by [the prosecutor] and with the.

---

[1]Hereafter, unless otherwise indicated, all section references are to the Penal Code.

[2]There were two other named victims of the attempted robbery and burglary charges, Fred C. Myers and Donald D. Myers. Violet V. Myers was the only named victim of the assault with a deadly weapon charge.

[3]The prosecutor stated: "The People are ready for trial. The acceptance of any plea in this matter to 245 is unacceptable to the People. We are ready to proceed to trial on all counts."

further understanding that if the Court feels that it cannot at that time accept it, that the Court would allow you to set the plea aside and go to trial. . . . The Court feels that we can proceed on that basis. The Court, on it's [*sic*] own motion, will dismiss the remaining counts against you." Defendant responded that he understood. Continuing, the court warned defendant that if this disposition of the case proved acceptable, it was likely that defendant would be sentenced to state prison for the term prescribed by law on count III. The prosecutor again objected to the proposed arrangement and indicated the People's readiness to proceed to trial on all three counts.

Defendant made appropriate *Tahl* waivers (see *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]),[4] and entered a plea of guilty to count III. Over further objection by the People to the court's contemplated dismissal of the charges of attempted robbery and burglary, the court continued the case to the date set for the probation and sentence hearing with respect to count III and for the disposition of counts I and II.

At the probation and sentence hearing, the People moved that the guilty plea be withdrawn and that they be given the right to go to trial on all three counts. The court denied the motion, stating: "Well, the Court, especially after getting the probation report and it seems like there was some psychiatrist report in connection with that, . . . which would indicate there would be probably a serious problem concerning the specific intent required as to the 211 robbery because of the excessive use of alcohol, and the factual situation in connection with it, still feels this would be the proper plea and so finds . . . ."

The court thereupon denied probation as well as defendant's alternative request for commitment for diagnosis and treatment (see § 1203.03), sentenced defendant on count III to state prison for the term prescribed by law, and dismissed counts I and II in the interests of justice. These proceedings are reflected in a printed form denominated "Judgment" (as distinguished from "Minute Order"); at the bottom of the form a box is checked, indicating "Remaining counts dismissed in interests of justice." We set forth in the margin the pertinent part of the record.[5] This appeal followed.

---

[4]The People refused to join in the waiver of trial by jury. However, the court determined that since there was to be no trial, the People's waiver of this right was unnecessary.

[5]"Whereas the said defendant having duly pleaded guilty in this court of the crime of ASSAULT WITH A DEADLY WEAPON, in violation of Section 245a, Penal Code, a

It is clear and indeed the parties agree that the court's action in dismissing the two counts was purportedly taken pursuant to section 1385.[6] The People contend, however, that such dismissal constituted an abuse of discretion. They argue that since it was ordered, over their objection, solely because defendant had pleaded guilty to the third count, the dismissal was not "in furtherance of justice" (see § 1385, and fn. 6, *ante*), and therefore beyond the power vested in the court by the above statute.[7]

Before we proceed to the merits of the People's argument we dispose of two preliminary matters. First, we observe that notwithstanding the court's characterization of the disposition of the cause below as being "in the nature of a plea bargain," there was in fact no plea bargain and we are not here presented with any issue of the existence, validity or effect of any plea bargain.

The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court. (§§ 1192.1, 1192.2, 1192.4, 1192.5; *People* v. *West* (1970) 3 Cal.3d 595, 604-608 [91 Cal.Rptr. 385, 477 P.2d 409].) Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged. (*People* v. *West, supra,* 3 Cal.3d at p. 604.) This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment (§ 1192.5), by the People's acceptance of a plea to a lesser offense than that charged, either in degree (§§ 1192.1, 1192.2) or kind (*People* v. *West, supra,* 3 Cal.3d at p. 608), or by the prosecutor's dismissal of one or more counts of a multi-count indictment or information. ■ Judicial approval is an

felony, as charged in count III of the information, It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the . . . State Prison for the term prescribed by law. To be given credit for two hundred and eight days heretofore served. . . . Remaining count(s) dismissed in interests of justice."

[6]Section 1385 provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

[7]The People concede, however, that if the dismissal of these counts is reversed on appeal, defendant must be permitted to withdraw his plea of guilty to count III, and that in the event of his subsequent conviction of, and sentence on, count III he would be entitled to credit for the interim time served. (See, e.g., *People* v. *Beasley* (1970) 5 Cal.App.3d 617, 639 [85 Cal.Rptr. 501].)

essential condition precedent to the effectiveness of the "bargain" worked out by the defense and prosecution. (§§ 1192.1, 1192.2, 1192.4, 1192.5; *People* v. *West, supra,* 3 Cal.3d at pp. 607-608.) But implicit in all of this is a process of "bargaining" between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them. (See *People* v. *West, supra,* 3 Cal.3d at pp. 604-605.)

However, the court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of "plea bargaining" to "agree" to a disposition of the case over prosecutorial objection. Such judicial activity would contravene express statutory provisions requiring the prosecutor's consent to the proposed disposition,[8] would detract from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and would present a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter. (*People* v. *Williams* (1969) 269 Cal.App.2d 879, 884 [75 Cal.Rptr. 348].)[9] In the instant case it is undisputed that the prosecution did not agree to the arrangement by which the charges against defendant were disposed of; it is therefore clear that the matter under consideration herein does not involve a plea bargain.

Secondly, we note that the dismissal of counts I and II is manifestly invalid under section 1385 because of the court's failure to comply with the following provision of the statute: "The *reasons* of the dismissal must be set forth in an order entered upon the minutes." (Italics added; see fn.

[8]Sections 1192.1, 1192.2, 1192.4 and 1192.5 set forth the statutorily prescribed methods for negotiating pleas. All of these statutes require the prosecuting attorney's consent to and acceptance of defendant's plea of guilty. Although varying forms of plea bargaining not embodied in statutes have received judicial approval (*People* v. *West, supra,* 3 Cal.3d at pp. 607-608), we noted in *West* that "[t]he procedure set forth in these sections provides guidelines which the trial court can utilize in receiving and considering plea bargains involving pleas to lesser offenses." (3 Cal.3d at p. 608.) In *People* v. *Johnson* (1974) 10 Cal.3d 868 [112 Cal.Rptr. 556, 519 P.2d 604], we reiterated this position, stating that "[s]ection 1192.5 formalizes the procedures to be followed by the trial courts in dealing with negotiated pleas, commonly known as plea bargaining." (*Id.* at p. 871.)

[9]It is for these reasons that many authorities considering the question have condemned the concept of "judicial plea bargaining." (See, e.g., A.B.A. Project on Minimum Standards for Crim. Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 3.3, pp. 11, 71-75; Note, *The Unconstitutionality of Plea Bargaining* (1970) 83 Harv.L.Rev. 1387, 1392-1393; Note, *Judicial Plea Bargaining* (1967) 19 Stan.L.Rev. 1082, 1090; Comment, *Official Inducements to Plead Guilty: Suggested Morals for a Marketplace* (1964) 32 U. Chi.L.Rev. 167, 187.)

6, *ante.*) ▮ It is settled law that this provision is mandatory and not merely directory. Recently in *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 502-503 [72 Cal.Rptr. 330, 446 P.2d 138], while recognizing the broad right of a trial judge to dismiss in furtherance of justice, we adverted to the requirement that he "must state his reasons in the minutes" and took pains to point out that "[i]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385. [Citations.]" (*Id.,* at p. 503, fn. 7.)

Thus, it has been said: "The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason 'so that all may know why this great power was exercised.' " (*People* v. *Beasley, supra,* 5 Cal.App.3d 617, 637.) The underlying purpose of this statutory requirement is "to protect the public interest against improper or corrupt [fn. omitted] dismissals" and to impose a purposeful restraint upon the exercise of judicial power " 'lest magistral discretion sweep away the government of laws.' " (*People* v. *Superior Court (Schomer)* (1970) 13 Cal.App.3d 672, 678 [91 Cal.Rptr. 651]; quoting from *People* v. *Winters* (1959) 171 Cal.App.2d Supp. 876, 882 [342 P.2d 538].)

In the instant case, the trial court purported to exercise its authority under section 1385 by merely checking a box at the bottom of a printed form, specifying no reasons to justify its dismissal of the attempted robbery and burglary charges. The record discloses no statement of reasons whatsoever in connection with the elliptic order of dismissal at the bottom of the form, (compare: *People* v. *Superior Court (Howard), supra,* 69 Cal.2d 491, 496, fn. 3; *People* v. *Superior Court (Mowry)* (1971) 20 Cal.App.3d 684, 686-687 [97 Cal.Rptr. 886]); nor do we find anywhere in the pertinent part of the record (see fn. 5, *ante*) any reasons stated which by clear incorporation or reference may be deemed to be the "reasons of the dismissal . . . set forth in an order." (§ 1385; see fn. 6, *ante.*) Defendant argues that the court's order shows "an admission of culpability and sentence to the state penitentiary" as the reason for the dismissal. This argument emphasizes the word "whereas" at the beginning of the judgment and ascribes to it a continuing vitality all the way to the end of the form. We do not agree. It may well be that the conviction and sentence on one count was the court's reason for dismissing the other two counts, but this reason is not *set forth* (see § 1385) but at best is merely inferable. In our view, this does not fulfill the purpose of the statute that the court indicate *why* its dismissal is "in furtherance of

justice" but on the contrary leaves the record vague and subject to speculation as to the reason for the court's action.[10]

Although we conclude that this failure to comply with the requirement of the statute that the reasons of the dismissal be set forth in the order is fatal and is alone sufficient to invalidate the dismissal, we do not stop here. We proceed therefore to the core of the controversy indicated above and inquire whether the court abused its discretion in dismissing the two counts. We first advert to the applicable law.

■ The trial court's power to dismiss an action under section 1385, while broad, is by no means absolute. Rather, it is limited by the amorphous concept which requires that the dismissal be "in furtherance of justice." As the Legislature has provided no statutory definition of this expression, appellate courts have been faced with the task of establishing the boundaries of the judicial power conferred by the statute as cases have arisen challenging its exercise. Thus, in measuring the propriety of the court's action in the instant case, we are guided by a large body of useful precedent which gives form to the above concept.

From the case law, several general principles emerge. Paramount among them is the rule "that the language of that section, 'furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People,* in determining whether there should be a dismissal. [Citations.]" (*People* v. *Beasley, supra,* 5 Cal.App.3d 617, 636, original italics; see also *People* v. *Dewberry* (1974) 40 Cal.App.3d 175, 183 [114 Cal.Rptr. 815]; *People* v. *Davis* (1971) 20 Cal.App.3d 890, 898 [98 Cal.Rptr. 71]; *People* v. *Superior Court (Schomer), supra,* 13 Cal.App.3d 672, 680; *People* v. *Gonzales* (1965) 235 Cal.App.2d Supp. 887, 890 [46 Cal.Rptr. 301]; *People* v. *Disperati* (1909) 11 Cal.App. 469, 476 [105 P. 617].) At the very least, the reason for dismissal must be "that which would motivate a reasonable judge." (*People* v. *Curtiss, supra,* 4 Cal.App.3d 123, 126; see also *People*

[10]While it is probably true that dismissals under section 1385 are frequently ordered on mere statements of "grounds" (i.e., "in furtherance of justice") without any statement of reasons, this situation appears in a different light when the People oppose the dismissal and raise the issue on appeal.

As the court said in *People* v. *Curtiss* (1970) 4 Cal.App.3d 123, 127 [84 Cal.Rptr. 106]: "We recognize that throughout the state dismissals occur every day wherein the minutes do not set forth the reasons. A defendant, for example, is charged with four counts of burglary, pleads guilty to one count, the district attorney moves to dismiss the remaining three counts and the judge grants the motion without specifying the reasons in the minutes. In such a case, however, it is the prosecutor's own case which he is moving to dismiss and in so doing he is acting upon his own responsibility. Despite the defective procedure, no harm is done because the prosecutor obviously would not appeal from the order of dismissal."

v. *Borousk* (1972) 24 Cal.App.3d 147, 163 [100 Cal.Rptr. 867]; *People* v. *Superior Court (Schomer), supra,* 13 Cal.App.3d at p. 680.)

In *People* v. *Superior Court (Howard), supra,* 69 Cal.2d 491, 505, in upholding an order dismissing an information after the jury returned a verdict of guilty, we said: "A determination whether to dismiss in the interests of justice after a verdict involves a balancing of many factors, including the weighing of the evidence indicative of guilt or innocence, the nature of the crime involved, the fact that the defendant has or has not been incarcerated in prison awaiting trial and the length of such incarceration, the possible harassment and burdens imposed upon the defendant by a retrial, and the likelihood, if any, that additional evidence will be presented upon a retrial." It has been said that some of these factors apply as well to dismissals before trial. (*People* v. *Ritchie* (1971) 17 Cal.App.3d 1098, 1105 [95 Cal.Rptr. 462].)

■ Dismissals under section 1385 may be proper before, during and after trial. (*People* v. *Superior Court (Howard), supra,* 69 Cal.2d 491, 503.) Before trial, such dismissals have been upheld where designed to enable the prosecution "to obtain further witnesses, to add additional defendants, to plead new facts, or to plead new offenses . . . ." (*People* v. *Silva* (1965) 236 Cal.App.2d 453, 457 [46 Cal.Rptr. 87]; see also, *Arnold* v. *Williams* (1963) 222 Cal.App.2d 193, 196 [35 Cal.Rptr. 35].) Pretrial dismissals under section 1385 may also be used to effectuate plea bargains arranged between the People and the defense and approved by the court. (*People* v. *Curtiss, supra,* 4 Cal.App.3d 123, 127.) During trial, the court may properly upon the People's motion dismiss an action against one of several defendants where the prosecutor believes such defendant to be innocent. (*People* v. *Polk* (1964) 61 Cal.2d 217, 229 [37 Cal.Rptr. 753, 390 P.2d 641]; *People* v. *Alverson* (1964) 60 Cal.2d 803, 807 [36 Cal.Rptr. 479, 388 P.2d 711].) We have already alluded to the use of section 1385 for a dismissal after the return of a verdict of guilty (*People* v. *Superior Court (Howard), supra,* 69 Cal.2d 491, 504). ■ It is also settled that it is within the trial court's power under that section to strike or dismiss a proceeding as to a prior conviction for the purpose of sentencing. (*People* v. *Tenorio* (1970) 3 Cal.3d 89, 94 [89 Cal.Rptr. 249, 473 P.2d 993].)[11]

On the other hand, appellate courts have shown considerable opposition to the granting of dismissals under section 1385 in instances where

[11]This power to dismiss priors has been deemed to be an integral part of the trial judge's sentencing discretion, and hence cannot be limited by a requirement of prosecutorial consent. (*People* v. *Tenorio, supra,* 3 Cal.3d 89, 95.)

the People are thereby prevented from prosecuting defendants for offenses of which there is probable cause to believe they are guilty as charged. Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." (*People* v. *Davis, supra,* 20 Cal.App.3d 890, 898.) " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" (*People* v. *Superior Court (Montano)* (1972) 26 Cal.App.3d 668, 671 [102 Cal.Rptr. 925].)

Permitting trial judges to make liberal use of section 1385 to avoid criminal prosecutions where probable cause exists to believe conviction is warranted would be contrary to the adversary nature of our criminal procedure as prescribed by the Legislature. (*People* v. *Beasley, supra,* 5 Cal.App.3d 617, 636; *People* v. *Gonzales, supra,* 235 Cal.App.2d Supp. at p. 889.) Under the statutory scheme which has been established for the prosecution of crimes, the district attorney is required to "institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when he has information that such offenses have been committed." (Gov. Code, § 26501.) ▊ The committing magistrate *must* hold the defendant to answer "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." (*Bompensiero* v. *Superior Court* (1955) 44 Cal.2d 178, 183-184 [281 P.2d 250]; see also *DeMond* v. *Superior Court* (1962) 57 Cal.2d 340, 344 [19 Cal.Rptr. 313, 368 P.2d 865]; § 872.) Under ordinary circumstances, it would frustrate the orderly and effective operation of our criminal procedure as envisioned by the Legislature if without proper and adequate reason section 1385 were used to terminate the prosecution of defendants for crimes properly charged in accordance with legal procedure. (*People* v. *Superior Court (Schomer), supra,* 13 Cal.App.3d 672, 680.)

In a case substantially similar to the one at bench, it was held that the trial court could not frustrate the legitimate prosecution of a defendant by arranging a "package disposition" of the charges against him over the People's objection. In *People* v. *Beasley, supra,* 5 Cal.App.3d 617, the court and the defendants agreed to an arrangement by which the defendants would plead guilty to a robbery and a rape charge and the court would grant them probation and dismiss under section 1385 two additional rape counts and one kidnapping charge. Holding said disposition to be improper, the Court of Appeal reasoned that the trial court's action evidenced a disregard of the adversary nature of criminal proceedings and of the state's interest, " ' "as a litigant . . . in seeing that

cases in which it believes a conviction is warranted are tried . . . .” ’ ” (*People* v. *Beasley, supra,* 5 Cal.App.3d at p. 636, italics omitted; quoting *Singer* v. *United States* (1965) 380 U.S. 24, 36 [13 L.Ed.2d 630, 638, 85 S.Ct. 783].)

Mindful of the above principles, we turn to consider whether in the case at bench the trial court abused its discretion in dismissing the two remaining counts of the information. We are at somewhat of a disadvantage in making this assessment since, as mentioned previously, we do not know the actual reasons for the dismissal since they are nowhere set forth in any express form. ██ We think that it may be reasonably concluded—and indeed both parties agree—that the court dismissed counts I and II simply because defendant entered a plea of guilty to count III. The problem is further complicated by the fact, readily inferable from the transcript, that the court had been informed of defendant’s proposed arrangement before the proceedings in open court began and had indicated some tentative or conditional approval of it, and by the further fact, equally inferable, that the prosecutor had also been made aware of this state of affairs and had previously manifested his disapproval. As a result we find in the record not only an expression of the court’s willingness to accept defendant’s plea of guilty but also its somewhat unfortunate, and possibly inaccurate language that “[t]his would be in the nature of a *plea bargain* in which the People do not wish to enter.” (Italics added.) We also have the additional remarks of the court to the effect that if, at the subsequent probation and sentence hearing, it felt that it could not accept the bargain, the court would permit defendant to withdraw his plea of guilty.[12]

In sum, the net effect of the dismissal was to preclude the prosecution and possible conviction of defendant for two offenses simply because he was willing to plead guilty to a third, all three offenses having been properly charged. As pointed out at the start, all three charged offenses arose out of the same incident, namely the alleged unlawful entry of an apartment occupied by the three victims (Violet V. Myers, Fred C. Myers and Donald D. Myers; see count II), during which defendant allegedly attempted to rob all three (count I) and allegedly assaulted one of them (Violet V. Myers; see count III) with a deadly weapon. It is also to be noted that while counts I and II (involving the three victims) each contains an “armed” allegation (§§ 3024, 12022) and a “use” allegation (§ 12022.5) as well as an allegation that at the time of the commission of

---

[12]See footnote 7, *ante,* and accompanying text. There is no doubt in our minds that in the clause “if the Court feels that it cannot at that time accept *it*” (italics added), the word “it” refers to the antecedent words “plea bargain.”

██

the respective offenses defendant intentionally inflicted great bodily injury upon the person of Violet V. Myers, count III contains no allegation elevating the offense as augmenting the punishment (e.g., § 12022.5).

Nothing in the record indicates that the court considered the dismissal in furtherance of justice for a reason based on this interrelation of the three counts. We can only conclude that the court accorded defendant a more lenient disposition of the charges without any reason other than that defendant entered a plea of guilty to one count. Although factually distinguishable from the trial court's conduct in *People* v. *Beasley, supra,* 5 Cal.App.3d 617, the court's action in the case at bench has basic characteristics which at once place it within the reach of *Beasley* and remove it from the area of proper sentencing discretion—that is to say, a "package disposition" arranged between the court and defendant, over the People's objection, and resulting in more lenient treatment of defendant without any showing that it is in furtherance of justice. ■ We do not say that the People's approval is in every instance indispensable to a dismissal under section 1385 (see, e.g., *People* v. *Superior Court (Howard), supra,* 69 Cal.2d 491, 502) for to so hold would curtail or perhaps abrogate the sentencing discretion resident in the court, but such discretion must be reasonably exercised and where the court's action lacks reason it may be invalidated upon timely challenge.

On the other hand, sentencing discretion wisely and properly exercised should not capitulate to rigid prosecutorial policies manifesting an obstructionist position toward all plea bargaining irrespective of the circumstances of the individual case. As the calendars of trial courts become increasingly congested, the automatic refusal of prosecutors to consider plea bargaining as a viable alternative to a lengthy trial may militate against the efficient administration of justice, impose unnecessary costs upon taxpayers, and subject defendants to the harassment and trauma of avoidable trials. (*People* v. *Williams, supra,* 269 Cal.App.2d 879, 884.) A court may alleviate this burden placed upon our criminal justice system if this can be accomplished by means of a permissible exercise of judicial sentencing discretion in an appropriate case.

Defendant seeks to escape the impact of *Beasley* by pointing out that there the trial court had made a final decision to dismiss the charges before it had received or read the probation report describing the details of the case and the defendants' backgrounds. In that case, reasoned consideration of said report should have convinced the trial court to disavow its arrangement with defendants. (*People* v. *Beasley, supra,* 5

Cal.App.3d at p. 636.) In the case before us on the other hand, defendant argues, the court deferred making a final disposition of the matter until it had the benefit of the probation report; after considering the report, the court refused defendant's request for leniency and sentenced him to state prison for the term prescribed by law on the assault charge. As his maximum term (life) could not be increased by his conviction on all three counts, defendant argues that the trial court's action in dismissing the attempted robbery and burglary charges was properly based upon the court's consideration of its own sentencing practices and its determination that a finding of guilt on the two additional charges would not significantly affect his sentence.[13]

Defendant not only fails to distinguish *Beasley* but also indulges in pure speculation as to what might have been the trial court's sentencing practices. The unavoidable fact in the record with which defendant does not deal is that by dismissing two counts, the court granted him more lenient treatment than that which he would have received had he been convicted of all three. Disregarding the potential impact of the "armed" and "use" allegations of the first two counts, we think that in such event at least defendant's minimum term would have been increased. Although the offenses charged in both counts II and III have prescribed maximum terms of life imprisonment, the minimum term for the offense in count II is five years (§§ 460, 461, subd. 1), whereas the minimum term in count III (to which the court accepted a plea of guilty) is only six months. (§ 245, subd. (a).) As we have already said, we do not hold that it is never within the sentencing discretion of the trial court to accept a plea of guilty to one of several counts and to dismiss one or more of the counts remaining, but where the court resorts to its dismissal power it must justify its action under the principles discussed above. In brief, the court has sentencing discretion, but if it acts without reason, it abuses such discretion. ▮▮▮ We are unable to conclude that in the present

---

[13]Defendant relies upon *People v. Superior Court (Mowry), supra,* 20 Cal.App.3d 684, in support of his argument. In *Mowry* the defendant was arraigned on a charge of forgery. He had been sentenced on a similar charge just six weeks before, and in this earlier case, *the prosecution* had agreed to dismiss additional forgery counts. In upholding the trial court's dismissal under section 1385, the Court of Appeal stated: "In the case at bench the trial judge was aware, since it involved his own actions, that defendant had been sentenced to state prison, on similar charges, only six weeks before, and that other counts in that information had been dismissed, *by the prosecution.* The trial court was entitled to take into consideration its own practices as to sentencing and to conclude that the only possible result of a conviction, in the case before us, would be a concurrent sentence, which would increase defendant's minimum sentence, and his maximum sentence, by six weeks plus the time involved in the proposed trial. We cannot say that the trial court was necessarily in error in concluding that such a nominal increase in penalty had no purpose other than to harass defendant and that it contributed nothing to the over-all enforcement of the criminal law." (*Id.,* at p. 687, original italics.)

matter the court's action was based upon a proper exercise of sentencing discretion. Its disposition of the instant case cannot stand.

We therefore arrive at the following conclusions: First, that the order dismissing counts I and II is invalid since it fails to set forth the reasons of the dismissal as required by section 1385; and second and independently of the above, that upon the instant record, such dismissal was not in furtherance of justice and constituted an abuse of discretion.

The order dismissing counts I and II of the information is reversed. The cause is remanded to the trial court with directions to grant defendant leave to withdraw his plea of guilty to count III, if he so move.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Clark, J., and Burke, J.,* concurred.

Respondent's petition for a rehearing was denied May 1, 1975.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.