PACHT, J., Concurring.
I am compelled by my oath to concur in the result. This court seems bound by the cases cited in the principal opinion. The result however, demonstrates dramatically the exaltation of form over substance and the concommittant reaching of an unjust end.
People v. Orin (1975) 13 Cal.3d 937, 944 [120 Cal.Rptr. 65, 533 P.2d 193] tells us, in effect, the minutes and only the minutes control “so that all may know why this great power was exercised.” As Orin and the cases it cites point out, it is a socially .desirable goal that “all may know why this great power was exercised.” But the facts and posture of this case demonstrate the danger of procedural rigidity. The “minutes” as set forth in the principal opinion are ungrammatical and virtually unintelligible. Should the defendant be forced to trial because the clerk who wrote the minutes was harried or inept?[1] Here there is a record, a trustworthy and reliable record, of the trial judge’s reasons for dismissing the action under section 1385 of the Penal Code. That record is the reporter’s transcript of the proceedings of November 14, 1977.
“The Court: The Court finds that the interest of justice requires there be no further prosecution in this matter. The matter is dismissed under 1385 of the Penal Code. Further, the Court adds editorially that it appears that the filings were made in an attempt to protect some misconduct on the part of the People’s witnesses.
*Supp. 17 "‘[The Deputy]: Your Honor, could I ask what the basis for the Court’s ruling is?
“The Court: I have ruled. ... I have told you what the basis is.
“I’ve been a prosecutor long enough myself to know a case of over filing when I see it.
“Next time you decide to harass somebody, you do it a little more subtly.
“[The Deputy]: I would indicate there was no harassment in this case.
“The Court: I wouldn’t expect you to admit it. . . but I will look for it next time.” That record is vivid and fairly pulsates with the fervor of an experienced trial judge (himself a former prosecutor) who gave his reasons for dismissal in clear terms, on the record in open court at a public hearing. It should be noted that the minutes do reveal the presence and name of the court reporter.
We do not ignore the language of People v. Orin (supra) which holds that the transcript alone will not suffice. But should Orin prevail in a case such as this? If anyone not present when the trial judge dismissed this case wants to know “why this great power was exercised” that person need only consult the minutes and thereafter the court reporter. Is the possible inconvenience to an interested citizen in learning the judge’s reasoning to counterbalance the defendant’s right to be free of a prosecution on charges which in the mind and language of the trial judge were at best dubious? Is this an appropriate balancing of the People’s or society’s rights against those of a defendant?
The result of the decision herein requires a defendant to face trial either because a ministerial official’s records are sloppy or because the trial judge neglected to oversee his busy clerk and correct the minutes. In my opinion this case cries out for a review of how Penal Code section 1385 should be interpreted.

As a trial judge who has served in a busy municipal court I have been witness to and probably party to hurried record keeping occasioned by crowded calendars and the exigencies of a court of limited jurisdiction.