Filed 6/12/15  P. v. Ogamba CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAY MICHAEL OGAMBA,<br><br>    Defendant and Appellant. | F067164<br><br>(Super. Ct. Nos. MCR038709, MCR041245)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Max Feinstat, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendant argues that his state and federal rights were violated by the trial court's refusal to allow plea negotiations to continue during jury selection.  We find no error, and affirm the judgment.

# FACTS

On November 30, 2012, defendant was charged with burglarizing an inhabited dwelling (count 1; Pen. Code[1], § 459), possessing methamphetamine (count 2; Health & Saf. Code, § 11377, subd. (a)), transporting methamphetamine (count 3; Health & Saf. Code, § 11379, subd. (a)), receiving of stolen property (count 4; § 496, subd. (a)), resisting arrest (count 5; § 148, subd. (a)(1)), and falsely identifying himself to a peace officer (count 6; § 148.9, subd. (a)). The information also alleged as to count 2 that the offense was committed while defendant was on bail (§ 12022.1), and as to counts 1 through 4 that defendant had three prior conviction (§ 667.5, subd. (b)).

Prior to trial, defendant pled guilty to counts 3, 4, and 6. Defendant's first jury trial on the remaining counts began on February 19, 2013, but ended in a mistrial. On February 26, 2013, during jury selection for defendant's second trial, the following exchange took place between the attorneys and the trial court:

> "THE COURT: Is there anything we need to address before we bring in the panel?
>
> "[DEFENSE COUNSEL]: Um, yes, Your Honor. Well, it wasn't— we are still sort of negotiating. So maybe if we could just have a couple of minutes.
>
> "THE COURT: The time for negotiation is over.
>
> "[DEFENSE COUNSEL]: Okay. Well the jury's—
>
> "THE COURT: We're calling in the jury. Pardon?
>
> "[DEFENSE COUNSEL]: They're all ready?
>
> "THE COURT: They're here finally.
>
> "[DEFENSE COUNSEL]: Okay.
>
> "THE COURT: Once we start the trial then it's plead to everything or not.

---

[1] Unless otherwise specified, all statutory references are to the Penal Code.

"[DEFENSE COUNSEL]: So there's—

"THE COURT: Go to trial.

"[DEFENSE COUNSEL]: So there's no way that we could possibly settle this today?

"THE COURT: Well, if he pleads to everything, he can.

"[DEFENSE COUNSEL]: Okay.

"[THE PROSECUTOR]: The People would be agreeable to—

"THE COURT: Well, the time for negotiations is over. And if we allow you to negotiate in to the trial then what happens is you don't negotiate until you get in to the trial and that means we've burned all these jurors. So that's why we have trial confirmations, that's why we have final jury trial confirmations and so—

"[DEFENSE COUNSEL]: Well.

"THE COURT: —that is.

"[DEFENSE COUNSEL]: I mean could we possibly just get this one opportunity? I mean I didn't know that.

"THE COURT: No.

"[DEFENSE COUNSEL]: You know.

"THE COURT: No, if I make an exception for you then I need to make an exception for everyone.

"[DEFENSE COUNSEL]: Okay. I mean we would just be saving everybody a lot of time and money if we're able to.

"THE COURT: You're looking at in this case but if I allow it and it continues then it's going to use up a lot of money. We've had all these jurors come in. We've had two jury panels come in on this matter. This is way beyond the time set for negotiations."

Defendant's trial continued as scheduled, and the jury found defendant guilty of the remaining charges: counts 1, 2, and 5. The trial court found the allegations in the

information to be true, and defendant was sentenced to an aggregate prison term of 13 years four months.  This appeal followed.

## DISCUSSION

### I. *The Trial Court's Actions Did Not Violate the Separation of Powers Doctrine*

Defendant argues that the trial court's refusal to permit plea negotiations to continue violated the separation of powers doctrine under both the California and United States Constitutions.  We disagree.

"Based on article III, section 3 of the California Constitution, cases have held the charging function of a criminal case is within the sole province of the executive branch, which includes the Attorney General and the various district attorneys."  (*People v. Mikhail* (1993) 13 Cal.App.4th 846, 854, fn. omitted.)  "Moreover, based on the separation of powers, cases have held it is solely the function of the executive branch to engage in any negotiations with the defense by which a more lenient disposition to a criminal charge is secured without trial."  (*Ibid*.)  Accordingly, "the court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection."  (*People v. Orin* (1975) 13 Cal.3d 937, 943.)

Here, despite defendant's claims to the contrary, the trial court's refusal to permit further negotiating time did not encroach upon the prosecution's sole authority to charge offenses or engage in negotiations with the defense.  While the record shows that the prosecution was prohibited from continuing plea negotiations beyond the start of trial, the record does not show that the prosecution was prohibited from engaging in plea negotiations during other earlier stages of the proceedings.  The record is similarly devoid of evidence that the trial court entered into the plea negotiating process and agreed to a disposition of the case over prosecutorial objection.

Further, while it is solely the function of the executive branch to engage in plea negotiations, it is simply not the case that the entirety of the plea agreement process falls within the purview of the executive branch.  To the contrary, whether or not a proffered plea is acceptable is "within the exclusive discretion of the [trial] court," which must

4.

approve all plea agreements. (*People v. Morris* (1979) 97 Cal.App.3d 358, 363; § 1192.5).

Indeed, a trial court not only has the authority to approve proffered plea agreements, it also has the authority to restrict the period of time in which pleas may be considered. In *People v. Cobb* (1983) 139 Cal.App.3d 578 (*Cobb*), we held it was not an abuse of discretion for the trial court to refuse to consider a conditional plea offer that was proposed after the trial readiness conference. In doing so, we noted that "[p]lea bargains…are subject to reasonable time constraints on their delivery to the court." (*Id*. at p. 587.) We also noted a section from the Standards of Judicial Administration adopted by the Judicial Council, which (at that time) recommended: "[T]he court should adopt a rule or policy providing that the readiness conference is the last possible point of negotiation and that thereafter a defendant may plead only to the principal charge against him." (*Cobb,* at p. 582.)

Defendant attempts to distinguish the instant case from our opinion in *Cobb*, however, by noting that Fresno County, where *Cobb* originated, had promulgated a rule codifying the deadline for conditional plea offers, whereas Madera County, where the instant case originated, has promulgated no such rule. (See *Cobb*, *supra*, 139 Cal.App.3d at p. 581). While this may be the case, we are not persuaded that our holding in *Cobb* only applies to counties with promulgated rules concerning the timeliness of proposed plea agreements.

In *Cobb*, we stated that "in certain counties the presiding judge does not permit last moment plea bargaining. In other counties such a rule does not exist, or it exists more in theory than in reality, the judges finding it expedient to take pleas at any time." (*Cobb*, *supra*, 139 Cal.App.3d at p. 581) We also found that the timing of plea offers was governed by "the suggestion in the [Standards of Judicial Administration] and the various requirements of local rules." (*Cobb,* at p. 586) Embedded within these statements is an acknowledgment of the role played by promulgated rules in some jurisdictions, and judicial discretion in others. Given that acknowledgment, we decline to hold that in those

jurisdictions without promulgated rules governing the timing of plea offers, individual judges are stripped of all discretion to impose reasonable time constraints.

In the instant case, the trial court did not decline to entertain conditional plea offers until the second day of jury selection. We do not find this to be an unreasonable, irrational, or arbitrary time constraint warranting appellate relief, nor do we find that it encroached on the well-defined plea bargaining authority of the executive branch. Accordingly, we reject defendant's argument, and affirm the judgment.

## II. *The Trial Court Did Not Violate Defendant's Right to Due Process or a Fair Trial*

Defendant also alleges that, to the extent the trial court's actions violated the separation of powers doctrine, he was also denied his right to due process and a fair trial. As we find no violation of the separation of powers doctrine, defendant's argument must fail.

## **<u>DISPOSITION</u>**

The judgment is affirmed.

_____

HILL, P.J.

WE CONCUR:

_____

POOCHIGIAN, J.

_____

PEÑA, J.

6.