Filed 5/19/16  P. v. Esquivel CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUBEN JOSEPH ESQUIVEL,<br><br>    Defendant and Appellant. | B263402<br><br>(Los Angeles County<br>Super. Ct. No. MA063555) |

THE COURT:[*]

A jury convicted Ruben Joseph Esquivel (defendant) of two counts of second-degree robbery (Pen. Code, § 211),[1] two counts of making criminal threats (§ 422), and petty theft (§ 488).  Defendant's total sentence is 14 years, 10 months.

Defendant entered a Walmart store, took several items of clothing, and concealed them in his pants.  Antonio Covarrubias, an asset protection associate, alerted his partners—James Alvarado and Lindsey Whitfield—who were monitoring the store via video surveillance.  Defendant was seen to put a pair of stereo ear buds in his pocket and exit the store without paying for any of the items concealed on his person.  Outside the

---

[*]    BOREN, P.J.,        ASHMANN-GERST, J.,        HOFFSTADT, J.

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

store, Covarrubias approached defendant and identified himself as store security. Defendant tried to push past Covarrubias and leave. Alvarado and Covarrubias attempted to restrain defendant and a scuffle ensued. At some point, defendant pulled a knife from his pocket and threatened to stab Alvarado and Covarrubias. They immediately backed off and defendant ran away. Alvarado, Covarrubias, and Whitfield, followed defendant as he ran to a nearby parking lot and they observed him discard the knife into some brush. Shortly thereafter, Los Angeles County Sheriff's deputies detained defendant and recovered the items he had taken from the store.

Defendant was charged with three counts of second degree robbery (counts 1, 3, and 4), two counts of making criminal threats (counts 6 and 7), and one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 2).[2] It was also alleged that defendant used a deadly and dangerous weapon–a knife–in the commission of the charged crimes (§ 12022, subd. (b)(1)) making them serious felonies (§ 1192.7, subd. (c)(23)); and that he had suffered a prior conviction for a violent or serious felony and had previously served a prison term. (§§ 667, subds. (b) - (i), 667.5, subd. (b), 1170.12.)

The jury convicted defendant of two counts of second degree robbery (Alvarado and Covarrubias, counts 1 and 3); the lesser included misdemeanor offense of petty theft (Whitfield, count 4); both counts of criminal threats with respect to Alvarado and Covarrubias (counts 6 and 7); and also found true the allegation that defendant used a knife in the commission of the crimes. The jury deadlocked on the charge of assault with a deadly weapon and the trial court declared a mistrial on that count. Defendant waived his right to trial on his alleged 2012 prior conviction for assault on a police officer (§ 245, subd. (c)) and admitted that conviction. On count 1, the trial court sentenced defendant to the midterm of three years, doubled pursuant to the three strikes law, plus an additional five years for the prior prison term, plus one year for use of a deadly weapon, for a total of 12 years on that count. The trial court imposed a consecutive sentence of two years, four months on count 3, and a consecutive term of six months in county jail for the

---

[2]      Count 5, which charged defendant with second degree commercial burglary (§ 459), was dismissed prior to trial.

misdemeanor petty theft. The sentences on the remaining counts and enhancements were stayed pursuant to section 654.

Defendant filed a timely appeal and we appointed counsel to represent him on appeal.

Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On December 7, 2015, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant requested and was granted a 30-day extension of time. The extended period elapsed and we received no response from defendant.

Defendant, however, raised two issues in his request for an extension of time. He contends he was "overcharged" by the People, and that he wanted a jury trial on his prior conviction and did not intend to waive his rights. First, the charging function is the sole province of the executive (that is, the prosecutor), not the judicial branch. (See generally *People v. Orin* (1975) 13 Cal.3d 937.) Secondly, the record indicates that defendant was represented at all times by counsel including when he was explicitly advised of, and expressly waived, his right to jury trial on his prior conviction, as well as the associated rights to silence and confrontation of witnesses.

We have examined the entire record and have found that no arguable issues of any sort exist. We are satisfied that defendant's attorney has fully complied with her responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.