Filed 7/14/16  P. v. Smith CA5
Received for posting 7/15/16

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHAD EUGENE SMITH,<br><br>    Defendant and Appellant. | F071288<br><br>(Super. Ct. Nos. F12901344,<br>F12908195)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Barbara Ann Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and Peña, J.

Appellant Chad Eugene Smith appeals from the sentence imposed following his guilty plea in two cases. Appellant was sentenced under Penal Code section 1170, subdivision (h),[1] and was thus eligible to have a portion of his sentence suspended so that mandatory supervision could be imposed. (§ 1170, subd. (h)(5).) Appellant contends the trial court abused its discretion by failing to properly disclose the reasons for rejecting mandatory supervision and imposing a "straight-time" sentence. For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Between April 2012 and October 2013, appellant was accused of criminal conduct in at least four different proceedings. In case No. F12908195 (the 195 case), appellant faced five criminal counts, including three charges for identify theft (§ 530.5, subd. (a)/counts 1, 3, 4), and one charge each for commercial burglary (§ 459/count 2) and failing to appear (§ 1320, subd. (b)/count 5). In case No. F12901344 (the 344 case), appellant faced 24 criminal counts, including commercial burglary (§ 459/count 1), forgery (§ 470, subd. (d)/count 3), two counts of receiving stolen property (§ 496, subd. (a)/counts 6, 10), and 20 counts of identity theft (§ 530.5, subd. (a)/counts 2, 4, 5, 7-9, 11-24). Appellant also faced charges in case Nos. F12910295 (the 295 case) and F12910296 (the 296 case).

On October 10, 2013, appellant pled guilty to counts 1, 2, 10, and 24 from the 344 case, and counts 1 and 4 from the 195 case. In exchange, the remaining counts, along with all charges in the 295 and 296 cases, were dismissed. Appellant was advised that he could receive up to six years in local custody in the 344 case and up to three years eight months in local custody in the 195 case. However, during those proceedings, the trial court indicated it would consider a total sentence of "4 yrs. 4 months straight time."

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

Appellant's sentencing was originally scheduled for November 25, 2013. Appellant did not appear for this hearing. A bench warrant issued and a new sentencing date was scheduled. This pattern continued until March 6, 2015. At that time, appellant was sentenced to a total term of four years four months in local custody, with no portion of the sentence suspended.

At the sentencing hearing, the parties raised only one issue, generally submitting the matter based on the probation report. While the probation officer recommended a term of seven years four months, split between four years four months in custody and three years' mandatory supervision, appellant's counsel argued his belief that appellant had agreed to a "four year four months AB 109" sentence and the prosecutor noted his belief that "the Court indicated a six year split or four years four months straight time." When imposing the straight-time sentence of four years four months, the court explained its decision not to impose mandatory supervision as follows: "Given the amount of time that [appellant has] been out of contact with the court and probation, the Court is finding good cause not to split sentence."

This appeal timely followed.

## DISCUSSION

On appeal, appellant does not challenge the ultimate decision to impose a straight-time sentence as opposed to requiring mandatory supervision. Rather, appellant argues the trial court failed to meet its obligation to specifically disclose the reasons for denying mandatory supervision on the record.

### Alleged Violation of Section 1170(h)(5)(A)

Appellant argues the trial court abused its discretion by failing to comply with the requirement of section 1170, subdivision (h)(5)(A), as interpreted by California Rules of Court, rule 4.415,[2] that any decision to deny mandatory supervision be stated on the

---

[2] All rule references are to the California Rules of Court.

record. As an initial matter, the parties dispute whether appellant's contentions are cognizable on appeal. The crux of this dispute is whether appellant's plea bargain was for a specific promise of a four-year four-month straight-time sentence or whether it included a possible sentence of six years, split between three years in custody and three years of supervision, although it includes disputes over whether objections were necessary to preserve the appeal.

Appellant's acceptance of the plea suggests the bargain was for a specific term,[3] in which case this appeal would be barred for lacking a certificate of probable cause because the appeal would challenge the underlying agreement. (*People v. Buttram* (2003) 30 Cal.4th 773, 781-785.) But this inference relies upon a prior conversation with the trial court, which is not included in the record on appeal,[4] and both the probation report[5] and the court's imposition of sentence suggest the plea bargain did not include a specific sentence. We need not resolve this dispute, however, as we find no error in the trial court's imposition of a straight-time sentence.

---

[3]   Counsel for appellant explained: "[Appellant] would like to accept the People's offer and he would like to withdraw his previously entered plea of not guilty and enter a plea of no contest.… [¶] … [¶] The court has indicated a two year midterm plus eight months consecutive, another eight months consecutive and one prison prior for a total of four years, four months time in custody."

[4]   As the People explained: "Just to be clear, for the record, this case some time ago was chatted with the court. [Appellant's] exposure on the plea was six years. [¶] The court had indicated giving him the option of a six year split term or straight time four years, four months, and that's what it sounds like he opted with."

[5]   The probation report recommended a sentence of seven years, with four years four months in local custody and three years' mandatory supervision.

*Standard of Review and Applicable Law*

Section 1170, subdivision (h)(5)(A), states: "Unless the court finds that, in the interests of justice, it is not appropriate in a particular case, the court, when imposing a sentence pursuant to paragraph (1) or (2), shall suspend execution of a concluding portion of the term for a period selected at the court's discretion."

Rule 4.415 provides procedural guidance regarding the requirements of section 1170 in this context. "When imposing a term of imprisonment in county jail under section 1170[, subdivision] (h), the court must suspend execution of a concluding portion of the term to be served as a period of mandatory supervision unless the court finds, in the interests of justice, that mandatory supervision is not appropriate in a particular case. Because section 1170[, subdivision] (h)(5)(A) establishes a statutory presumption in favor of the imposition of a period of mandatory supervision in all applicable cases, denials of a period of mandatory supervision should be limited." (Rule 4.415(a).)

Rule 4.415 goes on to establish criteria the court "may consider" when determining whether mandatory supervision is not appropriate in the interest of justice, including "[w]hether the ... defendant's past performance on supervision substantially outweigh the benefits of supervision in promoting public safety and the defendant's successful reentry into the community upon release from custody." (Rule 4.415(b)(4).) Rule 4.415 explains, however, that the overall determination "must be based on factors that are specific to a particular case or defendant." (Rule 4.415(b).)

Finally, rule 4.415 provides that, "[n]otwithstanding rule 4.412(a), when a court denies a period of mandatory supervision in the interests of justice, the court must state the reasons for the denial on the record." (Rule 4.415(d).) Rule 4.412(a) provides that it "is an adequate reason for a sentence or other disposition that the defendant, personally and by counsel, has expressed agreement that it be imposed and the prosecuting attorney has not expressed an objection to it. The agreement and lack of objection must be recited on the record."

5

Because the trial court's decision to impose or not impose mandatory supervision is discretionary, we review it for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Failing to comply with statutory requirements to properly explain a decision on the record can, standing alone, demonstrate an abuse of discretion. (See *People v. Orin* (1975) 13 Cal.3d 937, 945.)

### *The Trial Court Stated a Sufficient Justification for Its Decision*

In this case, there is no doubt the trial court considered whether to grant mandatory supervision and stated its reason for choosing not to on the record. The probation report recommended a three-year period of mandatory supervision and the People noted their belief that a six-year split term was an option available to the court. Having reviewed this recommendation and listened to argument, the court stated: "Given the amount of time that you have been out of contact with the court and probation, the Court is finding good cause not to split sentence. So it is four years four months straight time." Appellant contends this explanation demonstrates an abuse of discretion. We disagree.

There is nothing in the statutory language or rule 4.415 that requires the court to formulaically recite each and every potential factor it considered. Rather, the court is merely required to account, on the record, for its conclusion that the interests of justice do not justify mandatory supervision. It did so in this case and its decision was supported by the record.

Appellant arrived before the court having six separate failures to appear resulting in bench warrants, just in the period between his no contest plea and sentencing.[6] In doing so, appellant caused a roughly 14-month delay in sentencing, from November 2013 through March 2015, and demonstrated an unwillingness to comply with court orders,

---

[6] Appellant failed to appear at hearings on November 25, 2013, February 4, 2014, March 12, 2014, May 15, 2014, July 1, 2014, and March 4, 2015.

even in the face of consistent intervention. Indeed, despite being arrested multiple times, appellant did not appear for sentencing until he was being held in custody prior to the hearing. This illuminates a factor specific to appellant's case that warrants denying mandatory supervision. Successful mandatory supervision is dependent, at least to a degree, on appellant's voluntary cooperation following release. Appellant's conduct also bears on the suggestion in rule 4.415(b)(4) that courts weigh a defendant's past performance on supervision against the benefits of supervision to the community and the defendant's successful reentry to society upon release. The trial court's reliance on appellant's conduct to deny mandatory supervision was not an abuse of discretion under these facts.

## DISPOSITION

The judgment is affirmed.