Filed 3/23/22  P. v. O'Bannon CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B309426 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA149850) |
| v. | |
| RUSSELL L. O'BANNON, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Reversed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Shezad H. Thakor and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Russell O'Bannon, Jr., guilty of offenses arising out of his assault with a deadly weapon of a co-resident at a living facility. O'Bannon appeals the judgment, raising only two sentencing issues,[1] one of which the Attorney General concedes.

A jury found O'Bannon guilty of one count of assault with a deadly weapon (Pen. Code,[2] § 245, subd. (a)(1)) with a true finding on a great bodily injury allegation (§ 12022.7, subd. (a)) and one count of mayhem (§ 203) with a true finding on a personal use of a deadly and dangerous weapon allegation (§ 12022, subd. (b)(1)). The trial court thereafter found that O'Bannon had a prior strike that fell within the meaning of the Three Strikes law and constituted a five-year prior under section 667, subdivision (a)(1).

At the sentencing hearing on December 8, 2020, the prosecutor moved to dismiss the prior strike, the great bodily injury enhancement, and the five-year prior, citing a new directive from the District Attorney.[3] The trial court asked if there was any authority permitting the District Attorney to withdraw the allegations after the verdict had been rendered, and the prosecutor responded he had none. The trial court said it could have entertained the motion under section 1385 had it been

---

[1] Given the limited nature of the issues presented, it is unnecessary to summarize the facts underlying O'Bannon's crimes.

[2] All further undesignated statutory references are to the Penal Code.

[3] Los Angeles County District Attorney Gascon, Special Directive 20-08 (Dec. 7, 2020) <https://da.lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-08.pdf> [as of Mar. 23, 2022], archived at <https://perma.cc/E994-T7Q9>.

made before trial, but it was unaware of any precedent allowing it to do so after trial.

The trial court proceeded to sentence O'Bannon to the high term of eight years for mayhem doubled to 16 years based on the prior strike and imposed a consecutive five-year term (§ 667, subd. (a)(1)). The trial court stayed the deadly weapon enhancement as to the mayhem count and imposed but stayed under section 654 a two-year term on the count for assault with a deadly weapon.

O'Bannon now raises two issues as to his sentence. First, he contends that the trial court misunderstood the scope of its discretion to strike enhancements under section 1385. The Attorney General concedes that the trial court erred, and the concession is well-taken. Section 1385, subdivision (a), provides that a trial court may on the prosecutor's or on its own motion, and in the furtherance of justice, order an action dismissed. Dismissals may be made before, during, and after trial. (*People v. Orin* (1975) 13 Cal.3d 937, 946.) We discern no reason why the rule would be different when the prosecutor moves to dismiss enhancements. The trial court therefore misunderstood the scope of its power under section 1385.

The second issue concerns section 654. When O'Bannon was sentenced, section 654 provided that a criminal act punishable in different ways by different provisions of law must be punished under the provision providing the *longest* potential term of imprisonment. Our legislature has since passed Assembly Bill No. 518 (Stats.2021, ch. 441), which amended section 654. As amended, section 654 now provides that an act or omission punishable in different ways by two different provisions of law, as in this case, may be punished under *either* provision.

3

Hence, the longest term of imprisonment is no longer mandatory. Under that new law, the trial court could choose the assault with a deadly weapon count for the base term, even though the potential term for that count is not as long as for mayhem.

The Attorney General concedes that Assembly Bill No. 518 is retroactive but argues that remand on this issue is unnecessary because the trial court's comments show it would not have selected assault with a deadly weapon for the base term. Although the trial court did comment on the vulnerability of the victim, the "lasting and irreversible damage" caused to the victim, and O'Bannon's prior criminal history to impose the upper term for mayhem, we do not agree that these comments conclusively establish what the trial court would do in view of the new law. In any event, given that we are remanding the matter for the trial court to reconsider the prosecutor's motion to dismiss the enhancements, we see no reason to otherwise limit the trial court's sentencing discretion. We express no opinion on how that discretion should be exercised on remand.

## DISPOSITION

The judgment is reversed and remanded for reconsideration of the sentence.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

LIPNER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.