Filed 12/20/13  P. v. Meraz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055229 |
| v. | (Super.Ct.No. INF058375) |
| JESSE MERAZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. Affirmed in part, reversed in part with directions.

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Anthony DaSilva and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant Jesse Meraz, Jr., appeals from his conviction of being a felon in possession of a firearm (Pen. Code,[1] former § 12021, subd. (a)(1),[2] count 1); unlawful possession of ammunition (former § 12316, subd. (b)(1),[3] count 2); carrying a loaded firearm while an active participant in a criminal street gang (former § 12031, subd. (a)(2),[4] count 3); and unlawful participation in a criminal street gang (§ 186.22, subd. (a), count 4), with true findings on allegations of two prior serious felony and strike convictions (§ 667, subds. (a), (e)(1)); and two prior prison term felonies (§ 667.5, subd. (b)).

Defendant contends the trial court abused its discretion by refusing to bifurcate gang charges and by permitting the prosecutor to introduce evidence of a predicate offense involving defendant. We requested the parties to provide supplemental briefing to address the sufficiency of the evidence to support counts 3 and 4 in light of *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*) and *People v. Lamas* (2007) 42 Cal.4th

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Former section 12021, subdivision (a) was repealed, operative January 1, 2012, and reenacted without substantive change as section 29800, subdivision (a). (Stats. 2010, ch. 711, § 4.)

[3] Former section 12316, subdivision (b)(1) was been repealed, operative January 1, 2012, and reenacted without substantive change as section 30305, subdivision (a)(1).

[4] Former section 12031, subdivision (c) was replaced by section 25850, subdivision (c) without substantive change, operative January 1, 2012.

516 (*Lamas*). We conclude defendant's convictions of counts 3 and 4 must be reversed, and we remand for resentencing.

## II. FACTS AND PROCEDURAL BACKGROUND

Defendant's first trial resulted in a jury deadlock and the declaration of a mistrial. We therefore take our statement of facts from the evidence presented at the second trial.

### A. Firearm Evidence

On May 3, 2007, Sergeant Gustavo Paiz of the Desert Hot Springs Police Department saw a vehicle make an illegal left turn, and he made a traffic stop. The vehicle had three occupants, including defendant, who was in the backseat. The driver was Daniel Lopez, and the other passenger was Daniel's brother, Arnold Lopez. When the vehicle stopped, defendant got out and ran through a vacant lot. While running, he reached into his waistband. Sergeant Paiz believed defendant was trying to conceal a weapon, and he called for backup.

Officer Ray Voeltz arrived and saw defendant running through the desert. Defendant was fumbling with something in his waistband. The officer saw an object come out of defendant's right hand before he lost sight of defendant behind a building. He was too far away to see what the object was.

Officer Eddie Cole also responded to the scene. When following foot impressions that appeared to have been caused by someone running in the direction defendant had run, he found a gun in a bush near the impressions and near where Officer Voeltz had seen defendant drop an object. The gun, which was loaded, was clean of debris, dust or

3

sand, and thus appeared to have been recently dropped. The previous night had been very windy.

Defendant was located in a nearby shed. He said he had run because he had a marijuana pipe and lighter that he had thrown while running. He denied throwing a gun. The officers did not find a pipe or lighter along defendant's path. At the police station, defendant said he had been in the car with friends who were gang members, and he did not want to be caught with them because it violated his parole.

David Hoopes leased the property on which the gun was found. He patrolled the property in his golf cart once or twice a day to pick up trash left by people who used the property as a short cut. He explained that wind covered footprints and everything else with sand. He believed he had patrolled the area on the morning of May 3, 2007, and he had not seen a gun on the property.

Sergeant Paiz also booked the Lopez brothers, but the record does not indicate the charges against them.

A police investigator attempted to lift fingerprints from the gun but was unable to do so.

**B. Gang Evidence**

Indio Police Sergeant Christopher Hamilton testified as a gang expert. He stated that in his opinion, Jackson Terrace was a criminal street gang, and defendant was an active participant in the Jackson Terrace gang on May 3, 2007. In his opinion, the Lopez brothers were also Jackson Terrace gang members, and defendant "was in the vehicle with them on the date of the offense that we're dealing with."

4

## C. Verdict and Sentence

The jury found defendant guilty of being a felon on possession of a firearm (former § 12021, subd. (a)(1)), unlawful possession of ammunition (former § 12316, subd. (b)(1)), carrying a loaded firearm while an active participant in a criminal street gang (§ 12031, subd. (a)(2)), and unlawful participation in a criminal street gang (§ 186.22, subd. (a)).  The trial court found allegations of two prior serious felony and strike convictions (§ 667, subds. (a), (e)(1)) and two prior prison terms (§ 667.5, subd. (b)).

The trial court sentenced defendant to 25 years to life for count 3, a consecutive five-year term for each of the two serious felony priors, and a consecutive one-year term for each of the two prior prison terms, but stayed one of the prior prison term enhancements.  The trial court stayed the sentences for counts 1, 2, and 4 under section 654.

Other facts are set forth in the discussion of the issues to which they pertain.

## III.  DISCUSSION

### A. Defendant's Conviction of Count 4

Section 186.22, subdivision (a) provides for punishment by imprisonment of "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang . . . ."  In *Rodriguez*, the court clarified that to commit that offense of criminal street gang participation, "a defendant must willfully advance, encourage, contribute to,

5

or help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member [Citation.]" (*Rodriguez, supra*, 55 Cal.4th at p. 1132.)

The People argue that the elements of section 186.22, subdivision (a) were established because other gang members were *present* when defendant committed his crimes. However, the court in *Rodriguez* held that "felonious criminal conduct [must] be *committed* by at least two gang members . . . ." (*Rodriquez, supra*, 55 Cal.4th at p. 1132, italics added.) The record contains no evidence that felonious criminal conduct was committed by anyone other than defendant,[5] even if he was in the presence of other gang members at the time, nor does the record contain any evidence the other gang members were even aware of his possession of a firearm. We therefore conclude the evidence was insufficient to establish defendant's guilt of the substantive gang offense.

## B. Defendant's Conviction of Count 3

Defendant was convicted in count 3 of carrying a loaded firearm while an active participant in a criminal street gang (former § 12031, subd. (a)(2)). Although carrying a loaded firearm is generally punishable as a misdemeanor, "[c]arrying a loaded firearm in violation of this section is punishable, [as a felony]: [¶] . . . [¶] (C) Where the person is

---

[5] At the hearing on pretrial motions, defense counsel pointed out there was no indication the inhabitants of the car were involved in any kind of gang activity. The prosecutor responded, apparently in jest, "Your honor, he made an illegal left turn. If that's not gang activity, I don't know what is."

an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 . . . ." (Former § 12031, subd. (a)(2)(C).)

In *Lamas*, the court held that elevating the misdemeanor offense of carrying a loaded firearm in public to a felony based on the defendant's active gang participation requires proof that the defendant willfully promoted, furthered, or assisted members of his gang in felonious conduct that was distinct from the misdemeanor weapons offense. The court explained that "[*A*]*ll* of section 186.22[, subdivision] (a)'s elements must be satisfied, including that defendant willfully promoted, furthered, or assisted felonious conduct by his fellow gang members *before* [former] section 12031[, subdivision] (a)(2)(C) applies to elevate defendant's [former] section 12031, subdivision (a)(1) misdemeanor offense to a felony. Stated conversely, [former] section 12031[, subdivision] (a)(2)(C) applies only *after* section 186.22[, subdivision] (a) has been *completely* satisfied by conduct *distinct from* the otherwise misdemeanor conduct of carrying a loaded weapon in violation of [former] section 12031, subdivision (a)(1)." (*Lamas*, *supra*, 42 Cal.4th at p. 524, original italics.) Thus, "defendant's misdemeanor conduct—being a gang member who carries a loaded firearm in public—cannot satisfy section 186.22[,subdivision] (a)'s third element, felonious conduct, and then be used to elevate the otherwise misdemeanor offense to a felony." (*Ibid*.)

Here, because we have found that defendant's conviction of count 3 must be reversed, we conclude his conviction of count 4 as a felony likewise cannot stand.

7

**C. Denial of Motion to Sever**

*1. Additional Background*

At the first trial, the trial court granted defendant's motion to sever counts 3 and 4 from the possession charges in counts 1 and 2. The trial on counts 1 and 2 ended in a mistrial after the jury reached a deadlock (nine for guilt and three for acquittal).

After defendant's first trial, our Supreme Court issued its opinion in *People v. Tran* (2011) 51 Cal.4th 1040 (*Tran*), rejecting the argument that evidence of the defendant's prior crime as a predicate offense should have been excluded as cumulative and prejudicial when the prosecutor could have introduced evidence of other offenses committed by other gang members to establish the predicate-offenses element of a gang charge. (*Id.* at p. 1048.) In light of *Tran*, the court on retrial refused to sever counts 3 and 4 from the other counts.

*2. Standard of Review*

A trial court has broad discretion in determining whether to sever offenses for trial, and we review its determination under the deferential abuse of discretion standard. (*People v. Memro* (1995) 11 Cal.4th 786, 850.)

*3. Analysis*

There is a strong preference for joinder of separate offenses and consolidation of trials against the same defendant. (§ 954.) All that is required for joinder is that the offenses either be "offenses of the same class of crimes" or "different offenses connected together in their commission." (§ 954.) Crimes are of the same class if they share

8

common general characteristics or attributes, and courts interpret the term "same class" broadly. (See *People v. Thomas* (1990) 219 Cal.App.3d 134, 140.)

In *People v. McKinnon* (2011) 52 Cal.4th 610, the court stated: "'[T]he trial court's discretion under section 954 to deny severance is broader than its discretion to admit evidence of uncharged crimes under Evidence Code section 1101 . . .' because, in large part, a joint trial 'ordinarily avoids the increased expenditure of funds and judicial resources which may result if the charges were to be tried in two or more separate trials.' [Citations.] 'Denial of a severance motion may be an abuse of discretion if the evidence related to the joined counts is not cross-admissible; if evidence relevant to some but not all of the counts is highly inflammatory; if a relatively weak case has been joined with a strong case so as to suggest a possible "spillover" effect that might affect the outcome; or one of the charges carries the death penalty.' [Citations.] In assessing whether there was an abuse of discretion, we examine the record before the trial court at the time of its ruling. [Citation.]" (*Id*. at p. 630.) The court further explained, "'"While we have held that cross-admissibility ordinarily dispels any inference of prejudice, we have never held that the absence of cross-admissibility, by itself, sufficed to demonstrate prejudice."'" [Citations.] '[E]ven if cross-admissibility did not support consolidation of the cases, the absence of cross-admissibility alone would not be sufficient to establish prejudice where (1) the offenses were properly joinable under section 954, and (2) no other factor relevant to the assessment of prejudice demonstrates an abuse of discretion.' [Citations.]" (*Id.* at pp. 630-631.)

9

Here, the crimes charged in count 1 (possession of a firearm by an ex-felon) and count 2 (possession of ammunition by an ex-felon) shared elements with count 3 (possession of a loaded firearm). Thus, those crimes were all of the same class within the meaning of section 954. In addition, counts 3 and 4 shared the common element of active gang membership. All the offenses were committed together because they arose from the same incident, and the evidence of the offenses was therefore cross-admissible. There was, moreover, no great disparity between the inflammatory nature of the various charges that would have unfairly prejudiced defendant. (See *People v. Hill* (1995) 34 Cal.App.4th 727, 735.) Likewise, there was no extreme disparity in the strength of the evidence to establish the various charges. (See *People v. Sandoval* (1992) 4 Cal.4th 155, 172-173.) [6] We conclude there was no abuse of discretion in the trial court's denial of the motion to sever.

**D. Admission of Evidence of Defendant's Prior Felony Conviction**

Defendant further contends the trial court abused its discretion in permitting the prosecution to introduce evidence of defendant's prior robbery conviction as a gang predicate offense.

---

[6] The fact that we find the evidence insufficient to support defendant's conviction of counts 3 and 4 does not alter that conclusion. We base our holding on *Rodriguez*, which was decided after this appeal was filed, and as noted, we review the trial court's ruling on a motion to sever on the basis of the record at the time of that ruling. (*People v. McKinnon*, *supra*, 52 Cal.4th at p. 630.)

10

*1.  Additional Background*

The prosecution introduced evidence of three predicate offenses to establish that Jackson Terrace was a criminal street gang within the meaning of section 186.22, subdivisions (a) and (b).  One of those crimes was defendant's prior robbery conviction, in which he committed the offense with a fellow member of Jackson Terrace.

*2.  Analysis*

In holding that the trial court could introduce the defendant's prior crime as a predicate gang offense, the court in *Tran* explained, "[T]he prosecution cannot be compelled to '"present its case in the sanitized fashion suggested by the defense."'  [Citation.]  When the evidence has probative value, and the potential for prejudice resulting from its admission is within tolerable limits, it is not *unduly* prejudicial and its admission is not an abuse of discretion.  Further, a rule requiring exclusion of evidence of a defendant's separate offense on the theory the prosecution might be able to produce evidence of offenses committed by other gang members would unreasonably favor defendant belonging to large gangs with a substantial history of criminality."  (*Tran*, *supra*, 51 Cal.4th at p. 1049.)

Here, evidence of defendant's prior conviction of robbery was admissible to prove counts 1 and 2, possession of a firearm and ammunition by a felon.  The same evidence was relevant and admissible to establish elements of the substantive gang offense, specifically, that defendant was an active participant of the gang with knowledge of its criminal activities, and the gang element of count 3.  Thus, the evidence had substantial probative value.  Before concluding the evidence was admissible, the trial court

11

conducted a prejudice analysis under Evidence Code section 352 and considered the holding of *Tran.* Even if the prior robbery conviction may have been more inflammatory than the current charges, it was not so inherently inflammatory as to evoke an emotional bias against defendant. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 559.) We find no abuse of discretion in the trial court's admission of the challenged evidence.

### E. Sentence for Prison Prior

The People note that the trial court stayed sentence for defendant's second prison prior. However, a prior prison term enhancement must either be imposed or stricken under section 1385, subdivision (a); it cannot be stayed. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) To strike the enhancement, the trial court must state its reasons for doing so on the record. (*People v. Orin* (1975) 13 Cal.3d 937, 944.) Accordingly, on remand, the trial court must either impose or strike the second prison term enhancement.

## IV. DISPOSITION

Defendant's conviction of counts 3 and 4 is reversed and the matter is remanded for resentencing consistent with this opinion. In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                                    HOLLENHORST
                                                         Acting P. J.

We concur:

MCKINSTER
                  J.
KING
                  J.

12